IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10–cv–00239–CMA–KMT

TODD TOBARA,

    Plaintiff,

v.

LT MORRISON (Faith Coordinator),

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Kathleen M. Tafoya**
**United States Magistrate Judge**

    This case involves claims that Defendant violated Plaintiff's First, Eighth and Fourteenth Amendment rights. This matter is before the court on "Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) or for Summary Judgment" (Doc. No. 13) filed June 4, 2010. Plaintiff asserts jurisdiction under Title 28 U.S.C. § 1343 and Title 42 U.S.C. § 1983.

## STATEMENT OF THE CASE

    The following facts are taken from Plaintiff's Prisoner Complaint and the Defendant's Motion. Plaintiff is incarcerated at the Buena Vista Correctional Facility, a prison operated by the Colorado Department of Corrections ("CDOC"). (Def.'s Mot. to Dismiss, ¶ 1 [hereinafter "Mot."].) Plaintiff named Lt. Morrison, the Faith Coordinator at the Buena Vista Correctional

Facility, as Defendant. (Prisoner Compl. at 1 [hereinafter "Compl."].) In the "Nature of the Case," Plaintiff asserts that his First, Eighth, and Fourteenth Amendment rights were violated because Defendant denied his request to add a religion to the CDOC Administrative Regulations, and denied his request to change his religion to a "home based" religion on the grounds that the CDOC's Administrative Regulations only allow inmates to change their declared religious faith once per year. (Compl. at 4.) Plaintiff seeks injunctive relief and punitive damages of at least $100,000. (*Id.* at 6.) Defendant moves for dismissal or, in the alternative, summary judgment for Plaintiff's failure to exhaust his administrative remedies. (Mot. at 1.)

## PROCEDURAL HISTORY

Plaintiff's Prisoner Complaint was filed on February 4, 2010. (Compl.) Defendant filed his motion to dismiss on June 4, 2010. (Mot.) No response or reply has been filed. This matter is ripe for review and recommendation.

## STANDARD OF REVIEW

*1.* **Pro Se** *Plaintiff*

Because Plaintiff appears *pro se*, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A

2

court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

2. ***Failure to State a Claim upon Which Relief Can be Granted***

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949–51. Second, the court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940. Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*,129 S. Ct. at 1949 (citation omitted).

"A 12(b)(6) motion must be converted into a motion for summary judgment if 'matters outside the pleadings are presented to and not excluded by the court' and 'all parties . . . [are] given a reasonable opportunity to present all material made pertinent to such a motion by [Fed.

4

R. Civ. P.] 56.'" *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997) (quoting Fed. R. Civ. P. 12(d)); *see also Burnham v. Humphrey Hospitality Reit Trust, Inc.*, 403 F.3d 709, 713 (10th Cir. 2005) (holding that where the District Court relied on facts presented in affidavits, a Rule 12(b)(6) motion was properly converted into a motion for summary judgment).

Defendant's motion made pursuant to Rule 12(b)(6), or in the alternative Rule 56, references materials outside the pleadings. Normally, if a court decides to convert a Rule 12(b)(6) motion into a Rule 56 motion, it must provide the parties with notice to avoid unfair surprise. *See Nichols v. United States*, 796 F.2d 361, 364 (10th Cir. 1986). Nevertheless, "when a party [references] material beyond the pleadings in support of or opposing a motion to dismiss, the prior action on the part of the parties puts them on notice that the judge may treat the motion as a Rule 56 motion." *Wheeler v. Main Hurdman*, 825 F.2d 257, 260 (10th Cir. 1987) (citing *Nichols*, 796 F.2d at 164). Here, Defendant moved either to dismiss or for summary judgment. Plaintiff, although given an opportunity to file a response, has failed to do so. Consequently, unfair surprise is not an issue, and this court will treat Defendant's motion as one for summary judgment.

### 3. *Summary Judgment Standard*

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)

(2006); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works*, 36 F.3d at 1518 (citing *Celotex*, 477 U.S. at 325). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see* Fed. R. Civ. P. 56(e) (2006). A fact in dispute is "material" if it might affect the outcome of the suit under the governing law; the dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997) (citing *Anderson*, 477 U.S. at 248). The court may consider only admissible evidence when ruling on a summary judgment motion. *See World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985). The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment. *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998) (citing *Concrete Works*, 36 F.3d at 1517).

## ANALYSIS

Defendant moves for summary judgment based upon Plaintiff's failure to exhaust his administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), Title 42 U.S.C. § 1997e(a). Prior to filing this civil action, Plaintiff was required to exhaust administrative remedies pursuant to PLRA. *Booth v. Churner*, 532 U.S. 731, 741 (2001).

Section 1997e(a) provides: "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

In *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910 (2007), the United States Supreme Court held, *inter alia*, that under the PLRA, courts should not dismiss prisoner complaints in their entirety when the plaintiff presents some claims for which administrative remedies have been exhausted, and some claims for which administrative remedies have not been exhausted. *Id.*, 199 U.S. at —, 127 S. Ct. at 923–26. The Court also held that exhaustion is not *per se* inadequate simply because a defendant named in a lawsuit was not named in prison grievances filed on the same issue. *Id.*, 199 U.S. at —, 127 S. Ct. at 923. Further, the Court held that failure to exhaust administrative remedies is an affirmative defense under the PLRA, and prison inmates are not required to plead or demonstrate exhaustion in their complaints. *Id.*, 199 U.S. at —, 127 S. Ct. at 921.

Plaintiff states that he has exhausted his available administrative remedies. (Compl. at 5.) Defendant submits with his motion the Affidavit of Anthony DeCesaro, the Step 3 Grievance Officer for the CDOC. (Mot., Ex. A-1 at 1, Aff. of Anthony DeCesaro [hereinafter "DeCesaro Aff."].) Mr. DeCesaro's affidavit explains the CDOC administrative remedies pursuant to a "grievance process" set forth by Administrative Regulation 850-04. (*Id.* at ¶ 4.) The process requires an inmate first to attempt to resolve any issue he has by filing a Step 1 grievance document, to which a CDOC staff person responds in writing. (*Id.* at ¶ 5.) If the inmate is not satisfied with the result of the Step 1 grievance, he must file a Step 2 grievance, to which a

7

written response also will be provided. (*Id.* at ¶ 6.) An inmate must file the Step 2 grievance within five days after receiving the response to the Step 1 grievance. (*Id.*) If the inmate is unsatisfied with the response to his Step 2 grievance, he must file a Step 3 grievance (*id.* at ¶ 7) within five days after receiving the response to the Step 2 grievance (*id.* at ¶ 8). The Step 3 grievance is the final step in the CDOC grievance process. (*Id.* at ¶ 9.) Mr. DeCesaro explains that if an inmate fails timely to file either the Step 2 or Step 3 grievance within five days of receiving the response to the prior grievance, he has failed to comply with the CDOC's administrative grievance process, and has failed to exhaust his administrative remedies. (*Id.* at ¶ 10.)

According to the CDOC's records concerning the filing of grievances by Plaintiff, as submitted by Mr. DeCesaro, Plaintiff filed a Step 1 grievance complaining about the CDOC's failure to recognize his religion on August 28, 2009. (*Id.* at 5 and ¶ 12.) According to these same records, Plaintiff received a written response to his Step 1 grievance on September 15, 2009. (*Id.* and ¶ 13.) Within the appropriate time period, Plaintiff filed a Step 2 grievance on September 17, 2009, and received a written response to his Step 2 grievance on October 13, 2009. (*Id* at 7 and ¶ 14.) Plaintiff was required to file a Step 3 grievance by October 18, 2009, within five days after receiving a written response to the Step 2 grievance. (*Id.* ¶ 15.) However, Plaintiff did not file a Step 3 grievance until January 14, 2010, three months late. (*Id.* at 6 and ¶ 16). Mr. DeCesaro responded to Plaintiff's Step 3 grievance by stating, "You have failed to follow the grievance procedure in this matter; you have <u>not</u> exhausted your administrative remedies." (*Id.* at 5 and ¶ 18.) Plaintiff failed to follow the timing of the CDOC's grievance

procedure; therefore Plaintiff did not fully exhaust his administrative remedies. Accordingly, as the PLRA requires exhaustion of administrative remedies prior to the filing of a federal action, Plaintiff's claims must be dismissed.

This court determines there is no genuine issue of material fact as to Plaintiff's failure to comply with his obligations under the PLRA to exhaust his administrative remedies as set forth in the CDOC's administrative remedies under Administrative Regulation 850-04, and summary judgment is properly granted in favor of Defendant.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that "Defendant's Motion to Dismiss Pursuant to Fed. Civ. R. P. 12(b)(6), or for Summary Judgment" (Doc. No. 13) be GRANTED, and that this case be dismissed in its entirety for Plaintiff's failure to exhaust his administrative remedies.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir.

1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the District C ourt based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

    Dated this 9th day of August, 2010.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge